## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| REGINALD D. WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-00961-JD |
| | ) | |
| DAVID BUSS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is the Report and Recommendation ("R. & R.") [Doc. No. 13]

issued by United States Magistrate Judge Suzanne Mitchell on February 14, 2024. The R.

& R. recommends that the Court dismiss Petitioner Reginald Wilson's 28 U.S.C. § 2254

petition [Doc. No. 1] for failure to exhaust state court remedies for the claim raised in his

petition. R. & R. at 5–7. The R. & R. explains that, as evidenced by his petition, Wilson

did not give the state courts an opportunity to rule on his habeas claim. *Id.* at 4; *see also*

Pet. [Doc. No. 1] at 5–7 (pleading that for the sole claim raised in his habeas petition,

petitioner did not appeal or raise the issue through post-conviction proceedings in state

court). The R. & R. states that Wilson had a right to object by March 6, 2024, and that

failure to object would waive the right to appellate review of the factual and legal issues

in the R. & R. *See* R. & R. at 7.

Wilson timely objected on March 4, 2024. [Doc. No. 14]. Wilson does not

specifically take issue with any of Judge Mitchell's findings or recommendations of the

R. & R., but he seems to more generally argue that federal courts have jurisdiction to

adjudicate claims. *See* Objection at 3 (contending that federal courts generally have authority from Congress to adjudicate cases). Consequently, the Court reviews de novo the objected-to aspects of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

Having conducted its de novo review as required by statute, the Court determines that dismissal for failure to exhaust state court remedies on the claim raised in the petition is proper. "AEDPA prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state remedies." *Ellis v. Raemisch*, 872 F.3d 1064, 1076 (10th Cir. 2017); *see also* 28 U.S.C. § 2254(b)(1)(A). "In order to satisfy the exhaustion requirement, a federal habeas corpus petitioner must show that a state appellate court has had the opportunity to rule on the same claim presented in federal court . . . ." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). "The petitioner bears the burden of proving either that state remedies were exhausted or that exhaustion would have been futile." *Fontenot v. Crow*, 4 F.4th 982, 1020 (10th Cir. 2021) (citing *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011)). As the R. & R. found, Wilson has not shown exhaustion or futility. And contrary to Wilson's objection, there is no exception to § 2254's exhaustion requirement for a federal court to generally exercise its jurisdiction where the federal habeas claim is jurisdictional. *Cf. Blanket v. Watkins*, 44 F. App'x 350, 351 (10th Cir. 2002) (unpublished) (explaining that a federal habeas claim that the state court lacks jurisdiction still requires exhaustion). Therefore, the Court adopts the R. & R. [Doc. No. 13] in its entirety and dismisses the § 2254 petition [Doc. No. 1] without

prejudice. *See Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) (explaining that "a federal court [generally] should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies").

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (same).

After considering the petition, the R. & R., the objection, and this Order, the Court finds that reasonable jurists could not debate the Court's determination that Wilson's habeas corpus claim is subject to dismissal because he failed to exhaust available state court remedies before filing his petition. Because Wilson cannot make the required showing under the statute and Supreme Court precedent, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED this 7th day of March 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE